**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Clifford BAIRD, Defendant—Appellant.**

**No. 04–30324.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

Richard E. Cohen, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Todd Maybrown, Esq., Allen, Hansen & Maybrown, P.S., Seattle, WA, for Defendant–Appellant.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Clifford Baird appeals his sentence following his guilty plea to one count of conspiracy to commit securities fraud, wire fraud, mail fraud, and money laundering, in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because Baird admitted to the U.S.S.G. § 2B1.1(b)(1) enhancement, and the facts supporting the loss amount, there is no constitutional error. *See United States v. George,* 420 F.3d 991, 2005 WL 2008419, *8

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir. Aug.23, 2005) (concluding that no constitutional error existed when district court relied on facts stipulated to by the parties regarding the loss amount). However, based on the record before us, we cannot determine whether the district court would have imposed a materially different sentence under a discretionary sentencing regime. Accordingly, we remand the sentence for further proceedings consistent with *United States v. Booker*, —— U.S. ——, ——, ——, 125 S.Ct. 738, 757, 769, 160 L.Ed.2d 621 (2005). *See also United States v. Stafford*, 416 F.3d 1068, 1077–78 (9th Cir.2005) ("While it appears that the facts upon which the obstruction of justice enhancement was based were admitted by the defendant, we nonetheless follow *United States v. Ameline's*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), 'limited remand' approach.").

REMANDED.